(No. 85-CC-1180—

Ronald Belleisle, Claimant, v. The State of Illinois, Respondent.

*Opinion filed February 9, 1988.*

Ronald Belleisle, *pro se*, for Claimant.

Neil F. Hartigan, Attorney General (Karin Kepler and Erin O'Connell, Assistant Attorneys General, of counsel), for Respondent.

PATCHETT, J.

This is a claim which is a result of an accident that occurred at the Graham Correctional Center on September 27, 1984. A hearing was held in this matter before a Commissioner of this Court on May 11, 1987, in Chicago, Illinois. The Claimant appeared *pro se,* and the Respondent was represented by the Attorney General's office.

The Claimant testified under oath that he had a job working in the kitchen on the day in question. The job required him to unload pots and pans after meals, place them on a cart, and push the cart to another location. While pushing the cart, a wheel on the cart collapsed or came out when the leg of the cart hit a drain hole. As a result of this, the Claimant's arm became caught under the table, resulting in his arm being pulled on by the cart. At the hearing, the Claimant displayed a ripped muscle in his arm which was readily observable. The Claimant did receive medical treatment for his injury, including five days of light duty recommended by the physician at the institution. The Respondent's case consisted of entering reports and a photo of the table in question into evidence. The Respondent put on no testimony.

It is clear that the Claimant suffered an injury as a result of an accident that occurred while he was working in the institution. The uncontradicted evidence before the Court is that this injury resulted from a table wheel breaking or falling off. However, the Claimant failed to

prove by a preponderance of the evidence that the State had breached any duty with regard to his safety. From the evidence it appears that the reason for the mishap was that the Claimant pushed the cart with which he was working into a drainage hole. This is not the fault of the State.

For this reason, this claim is hereby denied.